11-2932-cv
Digjam v. WL Ross

N.Y.S.D. Case #
09-cv-1607(AKH)

MANDATE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of November, two thousand twelve.

Present:  AMALYA L. KEARSE,
          ROSEMARY S. POOLER,
                *Circuit Judges*.
          LAWRENCE E. KAHN,[*]
                *District Judge*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 26, 2012

_____

DIGJAM LIMITED,

        *Plaintiff-Appellant*,

     -v-                                                          11-2932-cv

WL ROSS & CO. LLC,

        *Defendant-Appellee*.

_____

Appearing for Appellant:  William B. Berndt, (Marcus D. Fruchter, *on the brief*) Schopf & Weiss LLP, Chicago, I.L., Amy C. Brown, Friedman, Kaplan, Seiler & Adelman LLP, New York, N.Y.

Appearing for Appellee:  David J. Lender, Weil, Gotshal & Manges LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Hellerstein, *J.*).

---

    [*] The Honorable Lawrence E. Kahn, United States District Court for the Northern District of New York, sitting by designation.

MANDATE ISSUED ON 12/26/2012

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff appeals from an order of the District Court dated June 22, 2011, denying its claim to reinstate its complaint, which had been dismissed on *forum non conveniens* grounds without prejudice to a motion for reinstatement. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a denial of reinstatement under the doctrine of *forum non conveniens* for abuse of discretion. *See Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005). A district court abuses its discretion when its decision "(1) rests either on an error of law or on a clearly erroneous finding of fact, or (2) cannot be located within the range of permissible decisions, or (3) fails to consider all the relevant factors or unreasonably balances those factors." *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 70 (2d Cir. 2003) (internal citation omitted).

Here, we find no error in the District Court's denial of reinstatement. In accordance with the procedure recommended in *Usha*, the lower court properly found, according to its own "satisfaction," that plaintiff's "claims are likely to be adjudicated with reasonable dispatch," *Usha (India) Ltd. v. Honeywell Int'l., Inc.*, 421 F.3d 129, 134-36 (2d Cir. 2005), having stated in its order that the Indian court "seems to be progressing with the case," *Order Denying Motion to Reopen, Digjam Limited v. WL Ross & Co, LLC*, 09 Civ. 1607 (Doc. No. 42) (S.D.N.Y. June 22, 2011) and taking notice of the 61-page decision already written by the foreign court. *Id.* Given these considerations, although the backlog in Indian courts can be extensive we find the lower court properly decided the "reasonable dispatch" issue based on defendant's showing.

Additionally, we find that the defendant did not flout the District Court's order by raising statute of limitations defenses in the Indian court, given that the limitations periods expired prior to the date of the filing of the complaint in the District Court. *See Schertenleib v. Traum*, 589 F.2d 1156, 1166 (2d Cir. 1978) ("We add the condition that defendant must waive any statute of limitations defense that has arisen *since the commencement of this action in the Southern District*.") (emphasis added); *Panama Processes, S.A. v. Cities Service Co.*, 789 F.2d 991, 992 (2d Cir. 1986) ("Agrees to waive any statute of limitations defense with respect to any such claims based upon facts or events which have arisen *since the commencement of the within action in this Court*") (emphasis added).

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

2